UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                                    CRIMINAL NO. 09-43 (PAM/JSM)

    Plaintiff,

v.                                                                                       REPORT AND RECOMMENDATION

THOMAS CHARLES PATTON,

    Defendant.

JANIE S. MAYERON, United States Magistrate Judge

The above matter came on before the undersigned upon Defendant's Motion to Suppress Search and Seizure [Docket No. 8] and Defendant's Motion to Dismiss Counts 1 and 2 [Docket No. 10].

Kimberly Svendsen, Assistant United States Attorney, appeared on behalf of the United States of America; Paul Rogosheske, esq. appeared on behalf of defendant Thomas Charles Patton, who was personally present.

Based upon the pleadings, testimony taken at the hearings, exhibits submitted at the hearings, pre-hearing submissions, IT IS RECOMMENDED that:

1.    Defendant's Motion to Dismiss Counts 1 and 2 [Docket No. 10] be **DENIED**.

2.    Defendant's Motion to Suppress Search and Seizure [Docket No. 8] be **DENIED** as moot based on the representations of defendant's counsel.[1]

---

[1]    At the motions hearing on April 15, 2009, defendant's counsel sought a continuance of the suppression motion so that he could consult with his computer expert to determine whether it was possible for Officer Hansen, the affiant of the search warrant that defendant sought to suppress, to obtain the information described in his

**I.     INTRODUCTION**

Defendant has been indicted on one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).[2]  See Indictment [Docket No.

---

affidavit regarding the use of defendant's computer to access pornographic material. According to defendant's counsel, if his expert determined that Officer Hansen was mistaken about the information he had obtained about the use of defendant's computer, he would argue that Officer Hansen did not have the necessary probable cause to support the search warrant.  The Court granted defendant's motion for a continuance, and ordered his counsel to inform the Court and the Government in writing on or before April 29, 2009, whether defendant was withdrawing his motion to suppress or whether he intended to proceed with the motion.  See Order dated April 16, 2009 [Docket No. 19].  The Court also ordered defendant to describe the basis of the suppression motion in his April 29, 2009 written submission, if he intended to proceed with the motion.  As of the date of this decision, the Court has not received any written submission from defendant regarding his motion to suppress.  Therefore, based on defendant's lack of written communication regarding the motion to suppress as of the date of this decision, the Court presumes that defendant has decided not to proceed with the motion, and recommends denying it as moot.

[2]     18 U.S.C. § 2252(a) provides in relevant part:

> (a) Any person who--
>
> * * *
>
> (4) either--
>
> * * *
>
> (B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--
>
> (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> (ii) such visual depiction is of such conduct;

1].  The Indictment provides that on March 19, 2007, defendant knowingly possessed matters which contained a visual depiction "that had been mailed, shipped or produced in interstate and foreign commerce and which was produced using materials which had been mailed, shipped or transported in interstate and foreign commerce, by any means, including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct and such visual depiction was of such conduct. . . ."

Defendant now seeks dismissal of the Counts 1 and $2^3$ of the Indictment on the grounds that the discovery produced to him by the Government shows no evidence that the pornography at issue was sent or carried across state lines before reaching defendant.  See Defendant's Motion to Dismiss Counts 1 and 2 at p. 1.

**II.    ANALYSIS**

As the Government has pointed out, the starting place of any analysis of a motion to dismiss is that allegations of the Indictment should be accepted as true.  See Government's Response to Defendant's Pretrial Motions ("Govt. Resp.") at p. 6; see also United States v. Najarian, 915 F. Supp. 1460, 1463 n. 3 (D. Minn. 1996) (citing inter alia, United States v. Sampson, 371 U.S. 75, 78-79 (1962)).  Indeed, the Eighth Circuit has stated that "federal criminal procedure does not 'provide for a pre-trial determination of sufficiency of the evidence.'" United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992)).

---

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(b)(2) sets forth the penalties for violating § 2252(a).

[3]    While defendant seeks dismissal of Counts 1 and 2 of the Indictment, the Indictment against him only contains one count.

An indictment is considered sufficient "unless no reasonable construction can be said to charge the offense." United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1995) (citation omitted).

"The elements of possession under 18 U.S.C. § 2252(a)(4)(B) require the defendant to knowingly possess an item of child pornography, and the item to be transported in interstate or foreign commerce by any means." United States v. White, 506 F.3d 635, 641 (8th Cir. 2007). Here, the Indictment sufficiently sets forth that the pornography at issue was disseminated through interstate commerce, or was produced using materials disseminated through interstate commerce. Accepting the allegations of the Indictment as true at this juncture of the case, the time for determining whether the Government has garnered sufficient evidence to obtain a conviction of these charges is at trial and not during the pretrial phase of the proceeding. On this ground alone, defendant's motion to dismiss the Indictment should be denied.

Additionally, based on the Government's representations as what it has produced to defendant in discovery, it is evident that it has disclosed evidence supporting its claim that two of the prongs regarding transportation in interstate commerce can be met, although only one prong is required. See Govt. Resp. at p. 7. The two "prongs" in § 2252(a)(4)(B) referenced by the Government are that: (1) defendant received child pornography that "has been mailed, or has been shipped or transported in interstate or foreign commerce;" or (2) defendant possessed child pornography "which was produced using materials which have been mailed or so shipped or transported, by any means including by computer."

As to the first prong, the Government represented that during the search of the defendant's residence, law enforcement seized hundreds of DVDs containing child pornography and that defendant made a recorded statement to law enforcement in which he admitted that he downloaded the child pornography from the internet before copying it onto the DVDs.  See Govt. Resp. at p. 7.  According to the Government, the transportation in interstate commerce element can be met by a showing at trial that the defendant downloaded the child pornography from the internet.  Id. at pp. 7-8.  This Court agrees.  "[T]he government may satisfy the interstate commerce element by proving that child pornography images were transmitted over the Internet."  United States v. Lewis, 554 F.3d 208, 215 (1st Cir. 2009) (citation omitted); see also United States v. MacEwan, 445 F.3d 237, 244 (3d Cir. 2006) ("because of the very interstate nature of the Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to the user the data has traveled in interstate commerce."); United States v. Runyan, 290 F.3d 223, 239 (5th Cir.) ("transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce"), cert. denied, 537 U.S. 888 (2002); United States. v. Whiting, 165 F.3d 631, 634 (8th Cir.1999) (noting that the defendant had "downloaded the images from the Internet through interstate commerce using a computer."); Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.18.2252A(2) at 384 (2007) ("Images transmitted or received over the Internet have moved in interstate or foreign commerce.") (citations omitted); see generally, United States v. Trotter, 478 F.3d 918, 921 (8th Cir. 2007) (per curiam) (quoting MacEwan, 445 F.3d at 245) ("As both the

5

means to engage in commerce and the method by which transactions occur, 'the Internet is an instrumentality and channel of interstate commerce.' With a connection to the Internet, the Salvation Army's computers were part of 'a system that is inexorably intertwined with interstate commerce' and thus properly within the realm of Congress's Commerce Clause power.").[4]

Under the second prong of § 2252 – the "produced" prong – the Government claimed that it could meet the elements for a conviction because defendant copied the downloaded child pornography from the internet onto DVDs which were manufactured outside of Minnesota and therefore traveled in interstate or foreign commerce. See Govt. Resp. at p. 9. The Eighth Circuit has concluded that the use of DVDs that were

---

[4] Defendant cited to United States v. Schaefer, 501 F.3d 1197 (10th Cir. 2007) for the proposition that use of the Internet alone is not evidence of interstate or foreign commerce. The court in Schafer concluded:

> We hold that the government did not present sufficient evidence to support the jurisdictional nexus of the § 2252(a) provisions at issue. They require a movement between states. The government did not present evidence of such movement; instead, the government only showed that Mr. Schaefer used the Internet. We recognize in many, if not most, situations the use of the Internet will involve the movement of communications or materials between states. But this fact does not suspend the need for evidence of this interstate movement. The government offered insufficient proof of interstate movement in this case.

501 F.3d at 1201. Schafer does not stand for the proposition that the internet cannot be used to support the jurisdictional nexus of the § 2252(a). Rather, it holds only that if the Government wanted to use the internet as the jurisdictional nexus, it would have to show that the images and video moved across state lines using the internet. Other courts, supra, have skipped this step, noting that in light of the nature of the internet, it is a given that images received over the internet have moved in interstate or foreign commerce. Thus, even if the Court were to follow the holding in Schafer, the Court would not dismiss the Indictment without giving the Government an opportunity to show that the images travelled through interstate or foreign commerce over the internet.

6

produced outside of the defendant's state to produce images of child pornography was sufficient to meet the jurisdictional element of § 2252. See United States v. Inman, 558 F.3d 742, 750 (8th Cir. 2009) ("we will uphold Inman's conviction if there is no reasonable doubt that any rational jury would have found that the government proved that Inman's hard drive and DVDs-the materials Inman used to produce the images of child pornography-traveled in interstate or foreign commerce. At trial, the government presented undisputed evidence that Inman's hard drive and DVDs were shipped in interstate or foreign commerce.").[5] To the extent that the Government can show that the DVDs, onto which defendant copied images of child pornography, were shipped in interstate or foreign commerce, it will have met the necessary requirements for § 2252.

### III.  RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss Counts 1 and 2 [Docket No. 10] be **DENIED**.

2. Defendant's Motion to Suppress Search and Seizure [Docket No. 8] be **DENIED** as moot based on the representations of defendant's counsel.

Dated:    May 5, 2009

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[5]  This Court notes that Inman, dealt with 18 U.S.C. § 2252A(a)(5)(B), which is a separate statute dealing with child pornography, however, this provision is substantially similar to 18 U.S.C, § 2252(a)(4)(B), which is it issue in this case.

7

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 21, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **May 21, 2009**.