UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 09-43 (PAM/JSM)

Plaintiff,

v.                                        **MEMORANDUM AND ORDER**

Thomas Charles Patton,

Defendant.

---

The matter before the Court is the issue of whether Defendant Thomas Charles Patton should be ordered to pay restitution. On June 23, 2009, Patton pled guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The plea agreement was silent as to restitution. Subsequent to the plea, an attorney contacted the Government on behalf of an individual who was portrayed in a series of pornographic materials known as the "Vicky" series (hereinafter referred to as "Vicky"). Because materials from the Vicky series had been found in Patton's possession, Vicky requests restitution in the amount of $151,002.91. Vicky argues that restitution is mandatory under 18 U.S.C. § 2259 and should be awarded to compensate her for her losses. This Court sentenced Patton on October 6, 2009, but left the issue of restitution open for further briefing.

**DISCUSSION**

While restitution commonly arises in child pornography cases, it has historically been awarded primarily in manufacturing or distribution cases. Recently, however, a few victims,

1

who are portrayed in widely-distributed images and videos have begun to ask courts for restitution in possession cases as well.

In determining whether restitution is mandatory under § 2259, the Court first must determine whether Vicky qualifies as a victim to Patton's crime. The statute defines a victim as an "individual harmed as a result of a commission of a crime under this chapter . . . ." Patton admitted to committing a crime under the chapter when he pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). In terms of harm incurred, Vicky has submitted evidence showing that the continuing distribution and downloading of her images continually re-traumatizes her. The evidence demonstrates that continued circulation and publication of these images constitutes an ongoing harm, and the Court finds that Vicky qualifies as a victim under the statute.

Because § 2259 applies to Patton's case, an order of restitution is mandatory. 18 U.S.C. § 2259(b)(4). The Court is ordered to "direct the defendant to pay the victim . . . the full amount of the victim's losses." Id. § 22259(b)(1). The victim's losses include any costs incurred by the victim for medical services; physical or occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; litigation costs and attorney's fees; and "any other losses suffered by the victim as a proximate result of the offense." Id. § 2259(b)(3).

Vicky argues that under this language, the Court must award a restitution award for the full $151,002.91 she claims. These losses consist of future counseling expenses and legal fees. But although this harm may be in part a result of Patton's crime, it is also a result of

crimes that occurred long before to Patton's possession of the images.

Vicky argues that she is entitled to recover from Patton the full amount of losses under the statute, regardless of whether those losses were proximately caused by Patton. Some Courts have agreed with Vicky and ordered restitution for the full amount of losses claimed, but many others have expressed concern about the lack of a causal connection between the full scope of damages requested by the victim and the crime actually committed by the defendant. Compare United States v. Staples, No. 09-cr-14017, 2009 WL 2827804, at *4 (S.D. Fla. 2009) (holding the defendant jointly and severally liable for the full amount of damages claimed by the victim) with United States v. Hicks, No. 1:09-cr-150, 2009 WL 4110260, at *6 (E.D. Va. Nov. 24, 2009) (ordering restitution for a portion of the damages and attorneys fees claimed) and United States v. Croxford, 324 F. Supp. 2d 1230, 1249 (D. Utah 2004) (declining to award restitution).

This Court reads § 2259 to include a proximate cause requirement. In § 2259(b)(3)(F), the statute opens the door to "any other losses suffered by the victim as a proximate result of the offense." (Emphasis added). This language expresses the requirement that restitution be ordered only if a defendant's crime is the proximate cause of the victim's losses. The vast majority of cases that have considered the issue agree. E.g., In re: Amy, 591 F.3d 792, 794 (5th Cir. 2009) (citing cases from the Second, Third, and Ninth Circuit). In addition to being supported by the language of the statute, a proximate cause requirement may be constitutionally necessary. See United States v. Paroline, No. 6:08-cr-61, 2009 WL 4572786, at *6 (E.D. Tex. Dec. 7, 2009) (discussing the possibility that an award for

3

restitution not causally connected to the crime might be clearly excessive in violation of the Eighth Amendment).

Because the Court must order restitution for only the amount of losses proximately caused by Patton's crime, the Court is now faced with quantifying those losses. The Government has the burden to prove by a preponderance of the evidence the amount of loss sustained by a victim as a result of an offense. 18 U.S.C. § 3664(e). But the restitution demand does not come to the Court through the Government. Rather, Vicky contacted Government attorneys after a plea had been negotiated. Because restitution was not contemplated in the plea, the Government merely forwarded Vicky's request and documentation while declining to take any position on the issue. The documentation provided by Vicky offers proof of the harm and losses she has experienced as a result of the manufacture, distribution, and possession of the materials in which she is depicted.

Despite the materials submitted, the Court is without evidence demonstrating what portion of those damages are causally connected specifically to Patton's offense. Vicky's damages result from harms that have been occurring, in some form or another, since 2000. Although she seeks attorney's fees and future counseling costs, those costs do not derive wholly from Patton's actions. In fact, the vast majority of her losses have no direct or proximate causal connection to Patton's offenses. Without more specific evidence, any award in this case would be based on an "arbitrary calculation." United States v. Laney, 189 F.3d 954, 967 n.14 (9th Cir. 1999).

The Court does not mean to suggest that restitution in a possession case will always

be an arbitrary calculation.  On the contrary, given more information, a reasonable estimate may be possible.  However, in this case the evidence is simply not sufficient for the Court to make that reasonable estimate.  Because the amount of restitution causally connected to Patton's crime has not been proven by a preponderance of the evidence, the request for restitution must be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the request for restitution is **DENIED**.

Dated:   March 16, 2010

                                           s/Paul A. Magnuson
                                           Paul A. Magnuson
                                           United States District Court Judge